IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kenneth Pete Millwood, | ) | Case No. 8:23-cv-06004-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Tyson Foods, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's motion to dismiss. ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendant's motion be granted in part and denied in part. ECF No. 28. Defendant filed objections to the Report, and Plaintiff filed a reply. ECF Nos. 33, 34. Accordingly, this matter is ripe for review.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

Upon review, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Briefly, Plaintiff brings claims for religious discrimination pursuant to Title VII of the Civil Rights Act of 1984 ("Title VII") and South Carolina Human Affairs Law ("SCHAL"); disability discrimination pursuant to the Americans with Disabilities Act; genetic discrimination pursuant to the Genetic Information Nondiscrimination Act; and age discrimination pursuant to the Age Discrimination Act. The Magistrate Judge recommends denying the motion as to a portion of Plaintiff's Title VII and SCHAL failure-to-accommodate religious discrimination claims and granting the remainder of the motion. As stated above, Defendant filed objections, and Plaintiff filed a reply.

Neither party has objected to the Magistrate Judge's recommendations with respect to Plaintiff's "body-as-a-temple" claim or his claims pursuant to the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, and the Age Discrimination Act. Accordingly, upon review of this portion of the Report for clear error,

2

the Court agrees with the recommendation of the Magistrate Judge. The Court now turns to the portion of the Report to which Defendant objected.

In its objections, Defendant contends that the Magistrate Judge erred in finding that Plaintiff's complaint sufficiently alleged Plaintiff has a bona fide religious belief because the allegations are conclusory, the allegations lack sufficient detail, and some of the allegations relate to purely secular beliefs. The Court has reviewed this portion of the Report de novo and will address each argument in turn.

In support of its argument that Plaintiff's allegations are conclusory in nature, Defendant contends that only three paragraphs of Plaintiff's complaint contain "anything arguably resembling a reference to 'religious beliefs.'" ECF No. 33 at 6. Defendant further contends that those three paragraphs contain generic statements regarding Plaintiff's religious beliefs and abortion; Defendant continues that the complaint does not reference an actual religion but acknowledges that the Charge refers to Christianity.

While Defendant counts three paragraphs that provide factual allegations related to Plaintiff's religious beliefs, the Magistrate Judge determined that there were 10 applicable paragraphs. ECF No. 28 at 9–10. Defendant makes specific arguments that paragraph 33 should not be considered because it relates to Plaintiff's "body-as-a-temple" claim and that paragraph 50 should not considered because it makes no reference to any religious beliefs. ECF No. 33 at 4 n.2. Beyond its own conclusory argument and citation to primarily persuasive authority that the remaining paragraphs it chose to discount do not contain allegations related to the Plaintiff's religious beliefs, Defendant has not

explained why the Court should decline to consider the remaining five paragraphs.[1] Moreover, upon de novo review, the Court agrees with the Magistrate Judge that paragraphs 23–25, 29–33, 50, and 91 are relevant to the inquiry into whether Plaintiff sufficiently identified an actual religious belief as required under Title VII and SCHAL. Specifically, with respect to paragraphs 33 and 50, the Court finds that Plaintiff's claim would stand even if they were excluded. Accordingly, this objection is overruled.

With respect to the fact that the complaint does not refer to Christianity but the Charge attached to the complaint does, Defendant has not explained why this should not be considered. As explained in more detail by the Magistrate Judge, the Charge is attached to the complaint and its authenticity has not been questioned. Therefore, it may be considered in ruling on a motion to dismiss. ECF No. 28 at 10 n.7.

Next Defendant argues that Plaintiff's complaint fails to allege sufficient detail with respect to his purported religious beliefs. ECF No. 33 at 6–9. The Court notes that both parties and the Magistrate Judge cite to United States District Judge Michael S. Nachmanoff's ruling in *Ellison v. Inova Health Care Servs.*, No. 23-cv-00132-MSN-LRV, 2023 WL 6038016 (E.D. Va. Sept. 14, 2023). Indeed, a significant portion of Defendant's objections, particularly in this section, concern the application of *Ellison*. While *Ellison* is certainly instructive and has been considered as such by this Court, Defendant references *Ellison* as if it is a rigid roadmap to be followed. However, that decision is not binding on this Court and the fact that it is has been cited by one other court in this district does not

---

[1] In this section of the Report, Defendant cites Supreme Court and Fourth Circuit authority for general propositions, which the Court agrees with.

4

make it so.² To the extent Defendant articulates an objection to this portion of the Report that does not primarily rely on its disagreement with the Magistrate Judge on the proper application of *Ellison*, the Court overrules the objection and agrees with the recommendation of the Magistrate Judge.  As noted above, Plaintiff states that his beliefs are Christian in nature in his Charge.  Further, the Magistrate Judge has considered the same 10 paragraphs discussed above and determined that, at this procedural posture, Plaintiff has stated a plausible claim.  Upon de novo review, the Court agrees.  Plaintiff has set forth details regarding stem-cell research and the development of vaccines and how these violate his Christian beliefs opposing abortion.  The Court further agrees with the Magistrate Judge that the analysis on these issues is individualized and the prima facie burden is not an onerous one.  ECF No. 28 at 14 (citing *Ellison*, 2023 WL 6038016, at *4; *Tex Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)).  Accordingly, the objection is overruled.

Finally, Defendant argues that the allegations in paragraphs 25 and 29–32 refer to secular beliefs, which are not protected under Title VII.  The Court disagrees and is of the opinion that these paragraphs provide some of the detail Defendant contends is missing from the complaint, particularly in light of the standard applicable to a motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that, in considering a motion to dismiss, a court "must accept as true all of the factual allegations contained in the

---

² Moreover, even if *Ellison* were binding precedent on this Court, its holding comports with the decision of the Magistrate Judge.  It is undisputed that Plaintiff's beliefs are sincerely held and they are also religious in nature as explained herein.

complaint"). These paragraphs concern the use of aborted fetal cells in vaccine development. Plaintiff contends that his Christian religious beliefs prohibit him from being complicit in abortion, including the use of any medication derived from the use of aborted fetal cells. Accordingly, this objection is overruled.

To the extent Defendant makes a specific objection as to the Magistrate Judge's discussion on the *Africa* factors, the Court agrees with the recommendation of the Magistrate Judge. *See Africa v. Com. Of Pa.*, 662 F.2d 1025, 1032 (3d Cir. 1981) (holding that factors to be considered in determining whether an employee's beliefs are religious in nature include whether the relevant beliefs (1) "addresses fundamental and ultimate questions" pertaining to "deep and imponderable matters"; (2) "is comprehensive in nature" such that "it consists of a belief-system as opposed to an isolated teaching"; and (3) is "accompanied by certain formal and external signs"). As explained in more detail by the Magistrate Judge, the *Africa* court cautioned that this test is flexible, that case is not binding on this Court, and that case ruled on the issuance of a permanent injunction rather than a motion to dismiss. While the Magistrate Judge and the undersigned find the case instructive, the Court declines to rigidly apply it to the present action. Accordingly, this objection is overruled.[3]

---

[3] The Court is of the opinion that Defendant has not raised any other specific objections, including as to the Magistrate Judge's analysis of whether Plaintiff sufficiently alleged that he informed his employer of his beliefs. However, the Court reiterates that its review as to all portions of the Report objected to by Defendant has been de novo. As to any issue not specifically addressed herein, the Court adopts the analysis and recommendation of the Magistrate Judge.

**CONCLUSION**

Based on the foregoing and upon review of the record, the applicable law, and the Report, the Court adopts the recommendation of the Magistrate Judge. Defendant's Motion to Dismiss [10] is **GRANTED in part and DENIED in part**. Specifically, it is denied as to the portion of Plaintiff's Title VII and SCHAL religious-discrimination claims based upon his beliefs concerning abortion and stem-cell research as related to COVID-19 vaccinations and is granted as to his remaining claims.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 31, 2024
Spartanburg, South Carolina